**UNITED STATES ex rel. Paul E. ARZONICA, Appellant,**

v.

**Walter G. SCHEIPE, Warden, et al. No. 72–1105.**

United States Court of Appeals, Third Circuit.

Submitted on briefs Jan. 29, 1973.

Decided Feb. 27, 1973.

Paul E. Arzonica, pro se.

John E. Ruth, Marx, Ruth, Binder & Stallone, Reading, Pa., for appellees.

Before SEITZ, Chief Judge, ALDISERT, Circuit Judge, and LACEY, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Appellant, a state prisoner, filed a complaint under 42 U.S.C. § 1983 against the warden and the County Prison Board of Berks County, Pennsylvania. The district court properly dismissed the action against the board. United States ex rel. Gittlemacker v. City of Philadelphia, 413 F.2d 84 (3d Cir. 1969). The gravamen of his complaint seeking money damages against the warden is that while awaiting trial for a state offense at the Berks County Prison, he was placed in solitary confinement and then transferred to a state institution following a jail break by three other prisoners. He alleges constitutional deprivations by reason of (1) his transfer to the state prison, (2) his being placed in solitary confinement at Berks immediately prior to the transfer and on three brief occasions when he was returned to Berks for court appearances, and (3) statements made by the warden to probation officers preparing a presentence report for the state court.

We hold that this last mentioned allegation does not constitute a cause of action for which relief may be granted under § 1983, nor does the allegation relating to the transfer from the county to the state prison.

As to the remaining allegation, the district court reasoned that since four inmates escaped from a cell block where plaintiff was housed, the warden "decided to move the plaintiff to solitary confinement. This was purely an internal administrative matter of a state penal institution and no cause of action averring under the Civil Rights Act. There are no violations of the plaintiff's constitutional rights." It would appear from the plaintiff's complaint that the prisoners escaped from the same "cell that Plaintiff occupied."

At the time of its decision, the district court did not have the advantage of Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972), and United States ex rel. Tyrrell v. Speaker, 471 F.2d 1197 (3d Cir. 1973). These are new decisions based on facts strikingly dissimilar to the case at bar. For example, First Amendment overtones emanating from suppression of a prison newsletter were present in Gray. We are not prepared to give literal efficacy to isolated excerpts from language of that opinion which would otherwise suggest that "any transfer of a prisoner from the general prison population to solitary confinement without either notice of the charges or a hearing does not . . . meet minimal due process requirements." Indeed, Judge Van Dusen

qualified this otherwise sweeping statement with the phrase, "absent unusual circumstances."

We therefore deem it appropriate to state that *Gray* may not be interpreted as announcing a *per se* rule that any transfer of a prisoner to solitary confinement without notice of charges or a hearing constitutes a constitutional deprivation. The rule of reason still prevails; the exigencies of acute and critical situations in prison may require swift and decisive administrative action without the fear of exposing prison officials to the threat of subsequent liability for money damages arising out of decisions made in the good faith exercise of administrative discretion. Moreover, the holding in *Tyrrell* was predicated upon an allegation of nine months' segregation. Clearly, this was an example of "substantial punishment," described in *Gray* as necessitating establishment of constitutional safeguards.

*Gray* and *Tyrrell* followed courses previously uncharted in this circuit and the full impact of their holdings remains to be defined. Additionally, because of the novelty of their doctrines, this court is yet to be faced with the question of whether there may be only prospective application of their teachings. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969).

For our immediate purposes, however, we remand these proceedings to the district court for reconsideration of the solitary confinement issue. Our action must not be construed as deciding that *Gray* and *Tyrrell* are retroactive or, if so, that their precise holdings are applicable to the circumstances at bar.

The judgment of the district court is affirmed in all respects except that portion relating to the solitary confinement in Berks County Prison. That portion of the judgment is vacated and the proceedings remanded with a direction to proceed in accordance with the foregoing discussion.